## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUSTIN CREDICO, | : | Civil No. 3:18-cv-1204 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| HHSA PARKIN, et al., | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff Justin Credico, a/k/a Judicial/ Cyber Watchdog, ("Credico"), an inmate

incarcerated at the Federal Correctional Institution Allenwood Medium, in White Deer,

Pennsylvania ("FCI-Allenwood Medium"), initiated this *Bivens*[1] action, seeking to proceed *in*

*forma pauperis*. (Doc. 1). Credico is a prolific filer who is subject to the three strikes

provision set forth in 28 U.S.C. § 1915(g). Accordingly, he may not proceed *in forma*

*pauperis* unless he was in imminent danger of serious physical injury at the time he filed his

complaint. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 310-11 (3d Cir. 2001) (en banc).

Review of the complaint has been undertaken and, as set forth in detail below,

Credico has not sufficiently alleged or shown that he is in imminent danger of serious bodily

harm. Accordingly, the applications to proceed *in forma pauperis* will be denied, and this

---

[1] *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) (holding that there exists an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights).

action will be stayed pending receipt of the full filing fee.

## I.   Allegations of the Complaint

On September 11, 2018, Credico arrived at FCI-Allenwood. (Doc. 1, p. 3). At his

health intake screening, Credico informed officials that he suffered from back and leg pain.

(*Id.*). Several weeks later, he was treated by health officials and prescribed Ibuprofen to

treat his back and leg pain. (*Id.*). In November 2018, Credico requested a prescription for

Naproxen. (*Id.*). His request was approved. (*Id.*). In March 2018, Credico alleges that his

Naproxen prescription was not refilled, he was provided cream for his pain, and advised to

purchase Aleve from the commissary. (*Id.* at p. 4). Subsequent to the filing of the

complaint, Credico states that he received his Naproxen prescription. (Doc. 7, p. 7).

Credico further alleges that he has not been able to purchase over-the-counter

items. (Doc. 1,pp. 4-5).

Credico acknowledges that he has not exhausted the available administrative

remedies with respect to the claims in the instant complaint. (*Id.* at p. 9).

For relief, Credico seeks compensatory and punitive damages. (*Id.* at p. 10).

## II.   Discussion

Pursuant to 28 U.S.C. § 1915(g), a prisoner, who on three or more prior occasions

while incarcerated has filed an action or appeal in federal court that was dismissed as

frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be

2

denied *in forma pauperis* status unless he was in imminent danger of serious physical injury at the time that the complaint was filed. *Abdul-Akbar*, 239 F.3d at 310-11. Credico has had three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim. *See Credico v. DHS*, 170 F.Supp.3d 1, 4 (D.D.C. 2016) (finding that Credico has accumulated three strikes, and has appeared as a plaintiff, petitioner, or intervenor in fifty-four (54) cases) (citing *Credico v. Milligan*, 544 F. App'x 46, 48 (3d Cir. 2013) ("[W]e will dismiss Credico's appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because it does not have an arguable basis in fact or law."); *Credico v. Unknown Official for U.S. Drone Strikes*, 537 F. App'x 22, 23 (3d Cir. 2013) ("Accordingly, we hold that this appeal is frivolous, and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)."); *Credico v. CEO Idaho Nat. Lab.*, 461 F. App'x 78, 79 (3d Cir. 2012) (same)). Accordingly, Credico may not proceed *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he filed the instant matter.

Allegations of imminent danger must be evaluated in accordance with the liberal pleading standard applicable to *pro se* litigants, although the Court need not credit "fantastic or delusional" allegations that "rise to the level of irrational or wholly incredible." *Gibbs v. Cross*, 160 F.3d 962, 966-67 (3d Cir. 1998) (quotations omitted). A prisoner need not allege an "existing serious physical injury" to qualify for the exception to the "three strikes" provision. *Id.* at 967. "It is sufficient that the condition [alleged] poses an imminent danger

3

of serious physical injury." *Id.; see also Abdul-Akbar*, 239 F.3d at 315. Imminent danger must exist "contemporaneously with the bringing of the action. Someone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'" *Abdul-Akbar*, 239 F.3d at 313.

In the present matter, Credico does not dispute that he has three strikes. (*See* Doc. 7). Instead, Credico claims that the he suffered irreparable harm during the two (2) weeks that he did not receive his Naproxen prescription. (Doc. 7, p. 7). The Court finds that this allegation simply does not rise to the level of a serious physical injury, or threat of serious physical injury. 28 U.S.C. § 1915(g). An inmate claiming that he is in imminent danger of serious physical harm must "make specific [and] credible allegations to that effect." *Ball*, 726 F.3d at 470 (citation omitted). Upon thorough review of the filings in the instant action, the Court determines that Credico was not under imminent danger of serious physical injury when he signed and filed his complaint. Credico has failed to meet the imminent danger exception to 28 U.S.C. § 1915(g)'s three strikes rule, and thus failed to make the requisite showing to allow him to proceed *in forma pauperis. See Brown v. City of Philadelphia*, 331 F. App'x 898 (3d Cir. 2009) (finding that the inmate demonstrated a pattern of abusing judicial process by repeatedly filing frivolous actions, and affirming the district court's order dismissing the complaint pursuant to § 1915(g)).

If Credico wishes to pursue the claims in this action, he must pay the filing fee in full.

4

Accordingly, Credico will be granted thirty (30) days from the date of the accompanying

Order to pay the full filing fee of $400.00. Failure to pay the full fee within the time stated

will result in dismissal of the complaint.

A separate Order shall issue.

Date: June 2_, 2018

Robert D. Mariani
United States District Judge