# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTIN CREDICO, | Civil No. 3:18-cv-1204 |
| Plaintiff | (Judge Mariani) |
| v. | |
| HHSA PARKIN, *et al.*, | |
| Defendants | |

## MEMORANDUM

**I.  Background**

Plaintiff Justin Credico, a/k/a Judicial/ Cyber Watchdog, ("Credico"), an inmate incarcerated at the Federal Correctional Institution Allenwood Medium, in White Deer, Pennsylvania ("FCI-Allenwood Medium"), initiated this *Bivens*[1] action, seeking to proceed *in forma pauperis*. (Doc. 1). Credico is a prolific filer who is subject to the three strikes provision set forth in 28 U.S.C. § 1915(g). Previously by Memorandum and Order dated June 29, 2018, the Court determined that Credico failed to sufficiently allege that he is in imminent danger of serious bodily harm, and denied his application to proceed *in forma pauperis*. (Docs. 10, 11). The Court granted Credico thirty (30) days to pay the full filing fee if he wished to pursue the claims in the instant action. (*Id.*).

---

[1]  *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) (holding that there exists an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights).

Presently pending before the Court is Credico's motion (Doc. 12) for reconsideration of this Court's June 29, 2018 Order. For the reasons set forth below, the motion for reconsideration will be denied.

## II. **Motion for Reconsideration Standard of Review**

A motion for reconsideration is a device of limited utility. It may be used only to seek remediation for manifest errors of law or fact or to present newly discovered evidence which, if discovered previously, might have affected the court's decision. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quineros*, 176 F.3d 669, 677 (3d Cir. 1999), *citing North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

A motion for reconsideration is appropriate in instances where the court has "...misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Rohrbach v. AT & T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration* 915 F. Supp. 712 (M.D. Pa. 1996), *quoting*

2

*Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. *Drysdale v. Woerth*, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus. Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

## III. Discussion

Presently, Credico requests that the Court reverse its Order denying his application for leave to proceed *in forma pauperis*. (Docs. 12, 13). The Court determines that Credico fails to establish any grounds warranting reconsideration of the June 29, 2018 Memorandum and Order. Rather, Credico simply restates the allegations of the complaint, and again requests that the Court allow him to proceed *in forma pauperis* based on the same reasons set forth in the complaint.

In the complaint, Credico does not dispute that he has three strikes. (*See* Doc. 7). Instead, Credico claims that the he suffered irreparable harm during the two (2) weeks that he did not receive his Naproxen prescription. (Doc. 7, p. 7). This Court previously determined that this allegation simply did not rise to the level of a serious physical injury, or threat of serious physical injury. (Doc. 10). The Court noted that an inmate claiming that he

is in imminent danger of serious physical harm must "make specific [and] credible allegations to that effect." (*Id.* at p. 4) (citing *Ball v. Famiglio*, 726 F.3d 448, 470 (3d Cir. 2013) (citation omitted)).

In the motion for reconsideration, Credico similarly claims that he is not able to obtain over-the-counter hygiene products and medication, such as nasal spray. (Docs. 12, 13). The Court again finds that Credico's allegations do not indicate that he "is under imminent danger of serious physical injury," 28 U.S.C. § 1915(g) (setting forth the three strikes rule which provides that an inmate who has three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim may not proceed *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury"), or that a threat of danger is real and proximate, *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (*en banc*) (finding that the plaintiff must allege facts showing that he was in imminent danger at the time the complaint was filed and that allegations that he faced imminent danger in the past are insufficient to trigger the exception to section 1915(g)); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (concluding that the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate").

Credico has not demonstrated a need to reconsider the June 29, 2018 Memorandum and Order. He fails to advance an intervening change in controlling law, to present newly

4

found evidence, or to establish that a clear error of law or fact exists. Nor does he establish that the Court came to its conclusions by way of some gross misunderstanding of the facts or law of this case. Consequently, the motion for reconsideration will be denied.

A separate Order shall issue.

Date: July 9, 2018

Robert D. Mariani
United States District Judge